AO 91 (Rev. 11/11)  Criminal Complaint

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

2019 APR 20  PM 12: 04

CLERK-LAS CRUCES

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| LARRY MITCHELL HOPKINS | ) | Case No. 19MJ1042 |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **October to November 28, 2017**, in the county of **San Juan** in the **State** and District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Violation of 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

David Gabriel, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 20 Apr 2019

City and state: Las Cruces, NM

_____
Judge's signature

Gregory B. Wormuth, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NUMBER 19MJ1042 |
| LARRY MITCHELL HOPKINS, | ) ) ) |
| Defendant. | ) |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### FOR THE ARREST OF LARRY MITCHELL HOPKINS

I, David S. Gabriel, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint authorizing the arrest of Larry Mitchell Hopkins (hereinafter referred to as "Hopkins").

2. I have been employed as a Special Agent of the FBI since May of 2018. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned as an investigator for the Albuquerque Field Office, Las Cruces Resident Agency, New Mexico. In this capacity, I routinely investigate violations of federal criminal statutes, to include violations of federal firearms laws.

3. As a result of my training and experience, I am familiar with and have investigated federal firearms laws, including 18 U.S.C. § 922(g)(1), which makes it unlawful for

any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate commerce or possess in or affecting commerce any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4. I have reviewed reports, documents, and other materials collected or generated in connection with, and conferred with law enforcement agents involved in, the investigation of Hopkins, and I believe the following to be true and accurate.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. In October 2017, the FBI Public Access Line (PAL) received reports of alleged militia extremist activity in Flora Vista, New Mexico. Information was conveyed relating to a group that called itself the United Constitutional Patriots, located at Lakeside Ranch Trailer Park in Flora Vista, NM. The United Constitutional Patriots was led by their so-called "commander," Larry Hopkins, who also went by the alias of Johnny Horton, Jr. Information also was conveyed that the group had its "base" at Hopkins's residence, was supported by approximately 20 members, and was armed with AK-47 rifles and other firearms. Witnesses reported seeing members of the United Constitutional Patriots bearing firearms at Hopkins's residence. Hopkins also allegedly made the statement that the United Constitutional Patriots were training to assassinate George Soros, Hillary Clinton, and Barack Obama, because of these individuals' support of Antifa.

7. On November 28, 2017, FBI SAs Kalon Fancher and Monty Waldron arrived at County Road 3547 #15 which was known to be the residence of Larry Mitchell Hopkins. Upon

arrival Agents made contact with Fay Sanders Murphy (hereinafter referred to as Murphy). Murphy and Hopkins invited the SAs inside of their residence. Hopkins walked SA Fancher and SA Waldron through the kitchen and down a hallway into a room that Hopkins referred to as "my office." When SA Fancher and SA Waldron entered the "office", they immediately observed approximately 10 firearms leaning against the wall in a closet in plain view due to the closet not having any doors. SA Fancher eventually asked Hopkins if he was the owner of the firearms observed in the closet. He stated that all of the firearms in the house were owned by Murphy who was his "common law wife." SA Fancher asked Hopkins if there were any other firearms in the house. Hopkins stated there was a shotgun and a handgun in the bedroom as well as another handgun in the kitchen. Hopkins and Murphy both said they were the only two people who lived at #15 County Road 3547 Flora Vista, NM.

8. Hopkins and Murphy were presented with a FD-26 Consent to Search form. SA Fancher read the form to Hopkins and Murphy explaining that their consent to search their residence is voluntary and they could refuse consent. Both Hopkins and Murphy signed the FD-26 form giving SAs Fancher and Waldron voluntary consent to search their residence.

9. When Agents began to search the residence SA Fancher retrieved a recording device and began recording Agent's interactions with Hopkins. When Agents started the search of the residence SA Fancher asked Hopkins if he could show Agents the location of the firearms in the house. He stated "I will show them to you, the shotgun is loaded so I will let you unload it." He walked SA Fancher to the kitchen and brought a black tactical vest to the attention of Agents and stated "that's my black right there and it is loaded." The SAs recovered a loaded Jimenez Arms .9mm Model J.A. Nine bearing serial number 079708 from a holster attached to the tactical vest. Hopkins then walked the SAs to the master bedroom and directed SA Fancher

3

to a loaded Blackhawk 12 gauge shotgun leaning in the corner on the east wall and stated "it is legal, actually that shotgun was given to my wife from one of my men." He then directed Agents to a loaded Taurus PT 22 bearing serial number Y119882 with one magazine which was laying on an end table in the northwest corner of the same bedroom room.

10. Pursuant to the execution of said search, the following firearms and ammunition were collected as evidence:

   a. Jimenez Arms .9mm Model J.A. Nine bearing serial number 079708

   b. Black hawk 12 gauge shotgun unknown serial number

   c. Taurus PT 22 bearing serial number Y119882 with one magazine

   d. Savage Model 98 .308 caliber unknown serial number

   e. Armi Jager Model AP80 AK22 Serial number 017742

   f. Hiawatha Model 189R .22 caliber long rifle unknown serial number

   g. Remington Model 597 bearing serial number D2901269

   h. Marlin Model 60 .22 caliber long rifle bearing serial #223093

   i. Stevens Savage Model 870 .22 caliber long rifle serial number.

11. Various caliber ammunition, including shotgun shells, also were observed at Hopkins's residence.

12. Subsequent to the search of Hopkins's residence, I received court records confirming that Hopkins has at least one prior felony conviction:

   a. By plea of guilty on November 15, 1996, in *People of the State of Michigan v. Larry Mitchell Hopkins*, File No. 96-27928-FH, Circuit Court for the County of Monroe, Hopkins was convicted of the crime of possession of a loaded firearm and, on December 10, 1996, was sentenced to imprisonment in the State Prison of

Southern Michigan for a period of sixteen (16) months minimum to two (2) years maximum.

13. Subsequent to the search of Hopkins's residence, I received an NCIC printout confirming that Hopkins had been convicted of two additional felonies:

   a. On December 15, 2006, in Docket Number 0602795CR, in the Klamath County Circuit Court, State of Oregon, Hopkins was convicted of felony possession of a weapon-firearm and sentenced to forty (40) days in jail and thirty-six (36) months' probation.

   b. On December 15, 2006, in Docket Number 0602795CR, in the Klamath County Circuit Court, State of Oregon, Hopkins was convicted of criminal impersonation of a peace officer and sentenced to twenty (20) days in jail and twenty-four (24) months' probation.

14. Subsequent to search of Hopkins's residence, I contacted the ATF and determined that none of the firearms recovered were manufactured in New Mexico and thereby by being recovered in New Mexico, had moved in or affected interstate commerce.

15. Based on the foregoing, there is probable cause to believe that Larry Mitchell Hopkins did violate 18 U.S.C. § 922(g)(1), possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year.

Respectfully Submitted,

*[signature]*

DAVID GABRIEL
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on April 20, 2019:

_____
UNITED STATES MAGISTRATE JUDGE